**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABLO A. CASTELLANOS

Plaintiff-Appellant,

JUDITH T. CASTELLANOS

Plaintiff-Appellant,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
SELECT PORTFOLIO SERVICING, INC.;
QUALITY LOAN SERVICING
CALIFORNIA RECONVEYANCE CO.;
BANK OF AMERICA, NA, named as Bank
of America, National Association as
Successor by Merger to LaSale Bank
National Association, as Trustee for
Certificate Holders of Bear Stearns Asset
Backed Securities ILLC, Asset-Backed
Certificates, Series 2007-HE3; ENCORE
CREDIT CORP.; JPMORGAN CHASE
BANK, N.A.; CALIFORNIA
RECONVEYANCE CO.

Defendants-Appellees.

No. 20-15660

D.C. No. 2:17-cv-02428-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 14, 2021[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Pablo Castellanos appeals from the district court's order granting summary judgement for Defendants-Appellees on his claim for wrongful recording under Ariz. Rev. Stat. § 33-420(A). As the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.[1]

The district court properly entered summary judgment for Defendants-Appellees on Castellanos's wrongful recording claim:

Defendants established that, given the plain text of the deed of trust, the legal theory of Castellanos's complaint satisfied *neither* element of wrongful recording: (1) that Defendants' recorded assignments of the deed of trust or recorded notices of trustee sale were forged, contained false or misleading information, or were otherwise invalid; and (2) that Defendants knew or had reason

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Defendants-Appellees JPMorgan Chase Bank and California Reconveyance Company "do not agree" that Castellanos's appeal is timely, which, if correct, would be fatal to our appellate jurisdiction. *See Smith v. Barry*, 502 U.S. 244, 248 (1992). However, the "Notice" Castellanos filed on April 10, 2019, constituted the "functional equivalent" of a notice of appeal, *id.* at 249; *see Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003), and was filed within the deadline for filing a notice of appeal, Fed. R. App. P. 4(a).

to know of any such putative falsities or defects. *See* Ariz. Rev. Stat § 33-420(A). Castellanos failed to proffer sufficient competent evidence to the contrary—*viz.*, evidence establishing a genuine issue of material fact as to either element of wrongful recording; therefore, Defendants were entitled to summary judgment as a matter of law.[2] *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

      **AFFIRMED.**

---

[2] Relatedly, given Castellanos's failure to comply with Fed. R. Civ. P. 26 and with the deadlines for expert witness disclosures set by the district court's Case Management Order, the court did not abuse its discretion in refusing to consider the declaration of Castellanos's putative expert witness when ruling on the parties' cross-motions for summary judgment. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005).